UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. JANICE S. GLENN                                    CIVIL ACTION

VERSUS                                                  No. 06-9618

LEXINGTON INSURANCE                                     SECTION "C" (5)
COMPANY, ET AL

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Dr. Janice S. Glenn ("Glenn") (Rec. Doc. 10), in which she claims that her insurance agent, Lodrigues & Associates, L.L.C. ("Lodrigues")[1], was not fraudulently joined. Defendants, Lexington Insurance Company ("Lexington") and Hull & Company, Inc. ("Hull"), oppose the motion.[2] The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Glenn's Motion to Remand is **GRANTED**.

---

[1] Lodrigues & Associates, L.L.C. was improperly named as "Lodrigues & Associates, Inc.," which was dissolved in 2004. However, on November 17, 2006, the Court terminated Lodrigues & Associates, Inc. as a party and replaced it with Lodrigues & Associates, L.L.C. Lodrigues & Associates, L.L.C. is an insurance agency whose listed member, Paula Lodrigues, is a citizen of Louisiana. Thus, Lodrigues & Associates, L.L.C. is a citizen of Louisiana for diversity jurisdiction purposes.

[2] Hull simply adopted the arguments made by Lexington. For simplicity, the Court will refer to the oppositions arguments as those of Lexington.

**I. BACKGROUND**

Glenn owns the residence at 1224 N. Rendon Street, New Orleans, Louisiana. This property was covered by homeowner's insurance issued by Lexington through insurance agent, Lodrigues. The property was damaged during Hurricane Katrina. When Glenn tried make a claim on her insurance policy, she discovered that she did not have the coverage that she believed she had. Thus, she instituted this suit in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana. Lexington then removed the action to this Court alleging diversity jurisdiction. According to Lexington, Lodrigues, was fraudulently joined so as to prevent removal. Glenn now seeks remand, arguing that Lodrigues was not fraudulent joined.

**II. ANALYSIS**

**A. FRAUDULENT JOINDER**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been

fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

   A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Lexington Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis

3

Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .") A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

Glenn asserts that this Court lacks diversity jurisdiction because Lodrigues is properly joined. She argues that the allegations against Lodrigues in her state court petition allege a cause of action against the insurance agent under Louisiana law. Specifically, she claims that Lodrigues beached a duty to properly advise her on her insurance coverage. She alleges that, "within the last year, [she] has conversed with [Lodrigues] regarding [the] limits[] [and] scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes [to her policy]."

In opposition to Glenn's Motion to Remand, Lexington argues that Glenn does not have any claims against Lodrigues for which relief can be granted. It argues that any claims against Lodrigues are perempted by Louisiana Revised Statute § 9:5606. It also asserts that Lodrigues did not owe a duty to Glenn to independently identify her insurance needs.

**1. PEREMPTION**

Lexington alleges that the claims against Lodrigues are preempted under the one year peremption provided by Louisiana Revised Statute § 9:5606.[3] It claims that Glenn had a copy of the insurance policy no later than January 5, 2005 and should have learned of any alleged actions, omissions or neglect at that time. As a result, Lexington argues that Glenn's claims are preempted.

Glenn filed suit on August 28, 2006. She allegedly did not actually know about Lodrigues's alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Lexington at least partially denied her claims. These dates show that Glenn filed suit within one year of when she actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Glenn should have discovered the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read her insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). Glenn alleges that Lodrigues "held itself out as an agent and/or broker with an expertise in analyzing risk and procuring

---

[3] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under the state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

insurance coverage." Rec. Doc. 1.  As a result, Glenn claims that Lodrigues is liable to her for gaps in her insurance coverage.  Arguably, Glenn could have discovered any gaps in her insurance coverage by carefully reading the policy.  At the same time, without further factual development, the Court cannot determine whether Glenn was lulled into complacency by representations made by Lodrigues.  The facts may disclose that Glenn's reliance was well-founded, regardless of the actual language of the policy, and that Glenn therefore is excused from her failure to discover the problem earlier.

### 2. FIDUCIARY DUTY

Lexington also claims that Lodrigues is improperly joined because Lodrigues did not owe a fiduciary duty to Glenn.  Lexington argues that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages or the appropriate amount of coverage.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify her client if she has failed to obtain the insurance requested.  *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that she has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of her duty to procure such coverage.  *Id.*  However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds herself out as performing and the nature of the specific relationship and agreements between the agent and her client.  *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

Glenn suggests that Lodrigues assumed such a greater duty.  As mentioned above, she claims that Lodrigues held itself out as having expertise in analyzing and procuring insurance coverage.  She also claims that she discussed the limits and scope of her coverage with Lodrigues within the last year. These allegations are sufficient to suggest that the Lodrigues assumed a greater duty than merely procuring insurance.   Accordingly, the Court finds that Lexington has not established that there is no reasonable basis for Glenn's claims against Lodrigues.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Glenn's Motion to Remand is hereby **GRANTED**.

IT IS FURTHER ORDERED that, in light of this ruling, that Hull's Motion to Dismiss (Rec. Doc. 7) is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana this 22nd day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE